UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PASCUAL CARDENAS-RIVERA, | § § § | |
| VS. | § § | 5:17-CV-059 5:16-PO-10249 |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § | |

## **REPORT AND RECOMMENDATION**

Pending before the Court is Pascual Cardenas-Rivera's Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g). (Dkt. No. 1). Proceeding *pro se*, Cardenas-Rivera sues the United States of America for the return of $600.00 U.S. Dollars, a Mexican identification card, and a religious artifact, all of which Cardenas-Rivera alleges were taken from him at the time of his arrest by United States Border Patrol agents. Cardenas-Rivera was arrested by Border Patrol on December 23, 2016, and charged with unlawfully entering the country without immigration inspection. (Dkt. No. 1). For the reasons that follow, it is recommended that Plaintiff's claims against all Defendants be DISMISSED WITHOUT PREJUDICE for want of prosecution and this case be closed.

Cardenas-Rivera made his initial appearance before the undersigned on December 26, 2016, in Petty Offense Case No. 5:16-PO-10249. During his appearance, Cardenas-Rivera was appointed counsel, pled guilty, and was sentenced to 120 days confinement. (No. 5:16-PO-10249, Dkt. No. 5). Thereafter, on February 21, 2017, Cardenas-Rivera filed his instant Motion for Return of Property.

As Cardenas-Rivera's Motion was brought well after his criminal proceedings concluded, the Court liberally construed the *pro se* petition as a civil action against the United States seeking

1

the return of property or money and invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). So construed, Cardenas-Rivera must comply with the Prison Litigation Reform Act (PLRA) and either pay the $400 filing fee or submit an application to the Court for leave to proceed *in forma pauperis*. *See Pena v. United States*, 122 F.3d 3, 5 (5th Cir. 1997). The Court gave Cardenas-Rivera until April 28, 2017, to either: (a) pay the $400 filing fee; or (b) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which must reflect the account balance and the average monthly balance for the six months preceding the filing of his Motion. (Dkt. No. 2). *See* 28 U.S.C. § 1915. Cardenas-Rivera was expressly admonished that failure to timely comply may result in dismissal of the action for lack of prosecution. *See* Fed. R. Civ. P. 41.

As of the date of this recommendation, Cardenas-Rivera has failed to pay the filing fee or apply to proceed *in forma pauperis*, or demonstrate good cause for his failure to do so. Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962). Accordingly, the magistrate judge recommends that this action be DISMISSED WITHOUT PREJUDICE for want of prosecution as to all Defendants and that this case be closed.

## **Warnings**

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider

frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SO RECOMMENDED on May 11, 2017.

_____
DIANA SONG QUIROGA
United States Magistrate Judge